**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DRISCOLL, *et al.*,<br><br>Defendants. | Civil Action No. 18-11762 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff United States of America's ("Plaintiff") unopposed Motion for Default Judgment against Defendants PNC Bank, Corporation Service Company, Huntington Bancshares Incorporated, and the State of New Jersey, Division of Taxation (together, the "Defaulted Parties"). (ECF No. 50.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiff's Motion.

**I.  BACKGROUND**

Plaintiff originally filed this action to seek judgment on Thomas and Jeanane Driscoll's (together, the "Driscolls") tax liabilities from 2010 to 2015, and to enforce federal tax liens attached to the Driscolls' real property and Thomas Driscoll's ownership interest in Red Bank Dental Associates, LLC. (Compl. 2, ECF No. 1.) The action, however, was stayed in 2018 when the Department of Justice lost funding, which limited counsel's ability to work until Congress restored the appropriations. (Mot. to Stay ¶¶ 1-2, ECF No. 15.) When the Court allowed Plaintiff

to reopen the case with an Amended Complaint in 2022, Plaintiff sought additional tax liabilities from the Driscolls for their alleged tax violations from 2015 through 2020. (ECF No. 23; Am. Compl. 2, ECF No. 29.) Relevant to the matter at hand, Plaintiff also joined to this action the Defaulted Parties, as these parties could claim an interest in the properties subject to the federal liens. (*Id.* at ¶¶ 5-10.) Now, Plaintiff seeks default judgment against the Defaulted Parties for their failure to respond to the Amended Complaint. (Pl.'s Moving Br. 3, ECF No. 51.) This action would extinguish the Defaulted Parties' interests in the property implicated in this case and prohibit them from taking any proceeds from the sale of the property. (*Id.*) The Court considers Plaintiff's argument below.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55[1] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V. I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See*

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### III.   DISCUSSION

The Court now turns to the three guiding analyses to determine if default judgment is the appropriate remedy.

#### A.   Plaintiff's Service was Proper.

Beginning with the first guiding analysis, the Court must determine whether Plaintiff properly served the Defaulted Parties. When serving a corporation, partnership, or association, service is proper when a copy of the summons and complaint is delivered "to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed R. Civ. P. 4(h)(1)(B). Plaintiff has provided an Affidavit of Service which verifies that each of the Defaulted Parties has been properly served. (ECF No. 42-1; *see also* ECF Nos. 33, 34, 35, 37.) Further, the Clerk of the Court has already entered default against the Defaulted

Parties. (ECF No. 42-2.) Because nothing in the record indicates otherwise, the Court concludes that service was proper. Therefore, the first guiding analysis supports awarding default judgment.

### B.     Plaintiff has Pled a Legitimate Cause of Action.

Moving to the second guiding analysis, the Court evaluates "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Fam. Servs., Inc.*, 543 F. Supp. 2d at 365. The Court finds that it does. Plaintiff originally brought this suit under 26 U.S.C. § 7403 to enforce a federal tax lien against the Driscolls. (*See generally* Am. Compl.) This statute requires Plaintiff to join any parties who may also claim an interest in the property subject to the federal tax lien; Plaintiff, accordingly, added the Defaulted Parties to the Amended Complaint. *See* 26 U.S.C. § 7403(b). Ultimately, the Court's responsibility is to determine the merits of all claims and liens on the property. *Id.* § 7403(c). This Court has previously determined that similar actions to collect outstanding tax liabilities are legitimate. *See United States v. Rotuski*, No. 19-20635, 2020 WL 6689752, at *2 (D.N.J. Nov. 13, 2020). Therefore, the Court finds that the second guiding analysis supports awarding default judgment.

### C.     Entry of Default Judgment is Appropriate.

Finally, the Court considers whether entry of a default judgment is appropriate by weighing "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund*, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018). As to the first factor, the Court finds that because the Defaulted Parties failed to respond to the Amended Complaint, they never pled a meritorious defense. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable

4

defenses."). This factor, therefore, weighs in favor of default judgment. The second factor similarly weighs in favor of default judgment, as the Defaulted Parties' failure to respond prevents Plaintiff's further prosecution and discovery and inhibits Plaintiff's ability to seek the proper relief. *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *2 (D.N.J. July 20, 2017). Finally, the third factor likewise weighs in favor of default judgment because failure to respond presumes culpability. *See Dist. 65 Pension Plan ex rel. Ambrosini v. Control Bldg. Servs., Inc.*, No. 14-5467, 2014 WL 7332105, at *2 (D.N.J. Dec. 19, 2014) (citing *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023 (D.N.J. Oct. 5, 2011); *see also Slover v. Live Universe, Inc.*, No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond."). Thus, the Court finds that the third guiding analysis weighs in favor of awarding default judgment and that, in sum, an entry of default judgment is appropriate. *See Rotuski*, 2020 WL 6689752, at *3 (granting a motion for default judgment when presented with similar circumstances).

## IV.   CONCLUSION

After conducting the three guiding analyses, the Court finds that all three analyses support granting default judgment. An order consistent with this Memorandum Opinion will follow.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE